OPINION
Appellant, Kevin J. Klink (appellant), appeals from the judgment of conviction and sentence entered upon his guilty pleas to two counts of Burglary, one count of Forgery, and one count of Robbery, respective violations of R.C. 2911.12(A)(5), R.C. 2911.02(A)(2), and R.C.2913.31(A)(3). Appellant assigns as error:
 ASSIGNMENTS OF ERROR: I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT/APPELLANT TO CONSECUTIVE AS OPPOSED TO CONCURRENT SENTENCES ABSENT A SPECIFIC FINDINGS OF FACT REQUIRED BY § 2929.14(E)(4), AND § 2929.19(B)(2)(C), OHIO REVISED CODE.
 II. THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM SENTENCE UPON THE DEFENDANT, AS THERE IS NO EVIDENCE IN THE RECORD THAT THE DEFENDANT HAD PREVIOUSLY BEEN SENTENCED TO PRISON AND THE TRIAL COURT MADE NO FINDING UPON THE RECORD THAT SUCH SENTENCE WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE AND NOT ADEQUATELY PROTECT THE PUBLIC, ALL IN CONTRAVENTION OF THE MANDATES OF § 2929.14(B), O.R.C.
 III. THE IMPOSITION OF NON-MINIMUM CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT WHO HAD NEVER BEEN PREVIOUSLY IMPRISONED IS CONTRARY TO LAW AND CONSTITUTES ABUSE OF DISCRETION BY THE TRIAL COURT.
 I.
Through his first Assignment, appellant maintains the trial court erred by imposing consecutive sentences, rather than concurrent sentences, as a result of the trial court's failure to make specific findings of fact required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). R.C.2929.14(E)(4), provides: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to sections 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Having conducted an independent review of the record including, but not limited to, the June 14, 1999 sentencing hearing, there is no question the trial court did consider all the factors set forth in R.C.2929.14(E)(4). Additionally, it appears the trial court orally mentioned certain facts to support the imposition of consecutive sentences. We believe the oral findings of fact, as contained in this record, are sufficient to meet the mandates set forth in R.C. 2929.14(E)(4). It is not a requirement in the statute that the trial court must make written findings of fact. See State v. Jackson (Sixth App. Dist. 2/5/99), 1999, WL 58215. Here, the trial court recited numerous facts in support of a consecutive sentence without objection. The first Assignment of Error is hereby overruled.
 II.
Through his second Assignment, appellant maintains the trial court erred in failing to impose the minimum sentence of incarceration because there is no evidence in the record that appellant had previously been sentenced to a term of incarceration. This Assignment of Error is supported by R.C. 2929.14(B), which statute provides, in pertinent part: ". . . if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to Division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Here, contrary to appellant's assertions, the record from the sentencing hearing demonstrates the court found that the shortest prison term would demean the seriousness of the offender's conduct. This finding was made in response to appellant's request for a shorter prison term and treatment. Accordingly, we find the trial court complied with R.C.2929.14(B). Appellant's second Assignment of Error is hereby overruled.
 III.
Through his third Assignment, appellant maintains that the trial court failed to comply with R.C. 2929.14 and R.C. 2929.11. First, as stated under the second Assignment of Error, we find the trial court did comply with R.C. 2929.14(B). R.C. 2929.11 provides: "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. (B) A sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing set forth in Division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with the sentences imposed for similar crimes committed by similar offenders. (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
Here, as stated before, the court made a specific determination on the record that the sentence imposed upon appellant was to protect the public and was meant to deter appellant from future criminal activity. Accordingly, we find that the trial court complied with R.C. 2929.11. Appellant's third Assignment of Error is hereby overruled. For the foregoing reasons, each of appellant's Assignments of Error are hereby overruled. We, therefore, affirm the trial court's sentence.